# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| ALLSTATE SETTLEMENT CORPORATION, *et al.,* | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-1130 |
| | § | |
| DAUNTE DOUCETTE, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

Pending before this court is a motion for a temporary restraining order filed by plaintiffs Allstate Settlement Corporation and Allstate Life Insurance Company (collectively, "Allstate"). Dkt. 5. Having considered the motion and applicable law, the court is of the opinion that the motion should be DENIED.

## I. BACKGROUND

Allstate seeks a temporary restraining order prohibiting defendant Daunte Doucette from disposing of $387,616 in funds that Allstate allegedly overpaid into a structured settlement account for the benefit of Doucette's sister, Dorian Doucette.[1] Dkt. 5. Allstate was obligated to pay $22,425 per month during Dorian's lifetime into a trust for Dorian's benefit. Dorian died on July 19, 2013. *Id.* Allstate asserts that it was not notified of Dorian's death until after it issued the November 13, 2014 payment. *Id.* Since it had continued to make monthly payments of $24,226 for sixteen months following Dorian's death, Allstate contends the trust was overpaid $387,616. *Id.* Allstate asserts that some or all of the $387,616 has been disbursed by the Trust to Doucette. *Id.*

Allstate filed this lawsuit asserting claims against Doucette for unjust enrichment, conversion, and the establishment of a constructive trust against Doucette into which the

---

[1] The court will refer to defendant Daunte Doucette as "Doucette," and it will refer to his sister, Dorian Doucette, as "Dorian."

overpayment would be placed. *Id.* Allstate contends that the court should grant its motion for a temporary restraining order because (1) it will likely prevail on the merits; (2) it will be irreparably harmed because it will not have a meaningful remedy if Doucette spends the money; (3) any threatened harm to Doucette by granting the temporary restraining order is outweighed by the hardship Allstate will suffer if Doucette is able to dispose of or conceal the funds; and (4) the public interest favors returning the funds to Allstate. Dkt. 5.

## II. LEGAL STANDARD

A party seeking a temporary restraining order or other injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure must demonstrate four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any prejudice the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009); *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 285 (5th Cir. 1999). Injunctive relief, particularly at the preliminary stages of litigation, is an extraordinary remedy that requires an unequivocal showing of the need for the relief to issue. *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). Thus, injunctive relief should only be granted where the movant has "clearly carried the burden of persuasion." *Bluefield Water Ass'n*, 577 F.3d at 252-53; *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009).

## III. ANALYSIS

Allstate has failed to carry its burden of persuasion with regard to the second element: substantial threat of irreparable harm. Allstate contends that Doucette will "likely" spend the funds if the court fails to enter the temporary restraining order, thus depriving Allstate of a meaningful remedy. Dkt. 5. "In general, a harm is irreparable where there is no adequate remedy at law, such as monetary damages." *Janvey v. Alguire*, 647 F.3d 585, 599 (5th Cir. 2011). The availability of

monetary damages, however, "does not always mean that the remedy at law is 'adequate.'" *Id.* If the movant shows that there are "'extraordinary circumstances'—such as evidence showing that the defendant is likely to become insolvent before final judgment or that the defendant intends to dissipate his assets to make a judgment awarding damages uncollectible"—then a court may find the harm irreparable. *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 695 (4th Cir. 1994); *Amegy Bank Nat'l Assoc. v. Monarch Flight II, LLC*, No. H-11-3218, 2011 WL 6091807, at *6 (S.D. Tex. Dec. 7, 2011) (Rosenthal, J.) (relying on *Hughes Network* and finding that the plaintiff in that case had shown that the defendant would lack assets at the end of litigation to satisfy a final judgment).  It is the plaintiff's burden to demonstrate that irreparable injury is likely if the court does not grant the requested relief.  *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22, 129 S. Ct. 365 (2008).

Allstate seeks, among other things, damages at law of $387,616 plus costs and fees for conversion.  *See* Dkt. 1.  Allstate conclusorily asserts that failing to enter a temporary restraining order will cause irreparable harm because Doucette may dispose of or conceal the funds leaving Allstate an inadequate remedy.  Allstate, however, fails to offer support for that contention.[2]  *Id.*  It thus has not satisfied its burden of demonstrating that irreparable injury is likely if the court does not grant its motion for a temporary restraining order.

---

[2]  The court notes that the settlement agreement provided by Allstate indicates that, in addition to the payments benefitting Dorian, Doucette was entitled to payments of $8,762 per month for 30 years certain and life thereafter increasing at 3% compounded annually with payment commencing on February 3, 2012.  *See* Dkt. 5, Sanford Aff., Ex. A.

## IV. CONCLUSION

Allstate's motion for a temporary restraining order is DENIED.

Signed at Houston, Texas on May 5, 2015.

_____
Gray H. Miller
United States District Judge