UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALLSTATE SETTLEMENT CORPORATION, *et al.,* | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-1130 |
| | § | |
| DAUNTE DOUCETTE, | § | |
| | § | |
| *Defendant*. | § | |

MEMORANDUM OPINION AND ORDER

Pending before this court is a motion for default judgment against defendant Daunte Doucette filed by plaintiffs Allstate Settlement Corporation and Allstate Life Insurance Company (collectively, "Allstate"). Dkt. 14. Defendant Daunte Doucette has not responded to the motion. Having considered the motion and applicable law, the court is of the opinion that the motion should be GRANTED.

I. BACKGROUND

Allstate seeks to recover $387,616 that it contends it overpaid to a trust for the benefit of Doucette's father, Dorian Doucette, who died on July 19, 2013. Dkt. 14. Allstate was obligated to pay $24,226 per month during Dorian's lifetime into a trust for Dorian's benefit.[1] Dkt. 1 & Ex. B. Dorian died on July 19, 2013. Dkt. 1. Allstate asserts that it was not notified of Dorian's death until after it issued the November 13, 2014 payment. *Id.* Since it had continued to make monthly payments of $24,226 for sixteen months following Dorian's death, Allstate contends the trust was

---

[1] The payments were guaranteed through June 12, 2012, and were life contingent thereafter. Dkt. 1.

overpaid $387,616.  *Id.*  Allstate asserts that some or all of the $387,616 has been disbursed by the

Trust to Doucette.  *Id.*

On April 29, 2015, Allstate filed this lawsuit asserting claims against Doucette for unjust

enrichment, replevin, conversion, and the establishment of a constructive trust against Doucette into

which the overpayment would be placed.  *Id.*  A summons was issued on May 8, 2015, served on

June 12, 2015, and returned on June 23, 2015.  Dkt. 12.  The process server contends that the

individual accepting service was Doucette's mother.  *Id.*  Doucette failed to answer or otherwise

appear.  Allstate filed the pending motion for default judgment on August 12, 2015.  Dkt. 14.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom judgment for

affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Under Rule

55(b)(2), a party may apply for the court to enter a default judgment, and the "court may conduct

hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or

effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or (D) investigate any other matter."  Fed. R.

Civ. P. 55(b)(2).  Local Rule 5.5 requires that motions for default judgment "be served on the

defendant-respondent by certified mail (return receipt requested)."  S.D. Tex. L.R. 5.5.  A court may

not enter a default judgment against a minor or incompetent person unless the person is represented

by a general guardian, conservator, or other like fiduciary who has appeared.  Fed. R. Civ. P. 55(b).

Additionally, a court may not enter a default judgment if the plaintiff does not file an affidavit

regarding the defendant's military status. 50 App. U.S.C. § 521(1).  If the defendant is in the military

service, "the court may not enter a judgment until after the court appoints an attorney to represent the defendant." *Id.* § 521(2).  A default judgment is a "drastic remedy, not favored by the Federal Rules[,] and resorted to by courts only in extreme situations."  *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).  "The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver." *Id.*

### III. ANALYSIS

Here, Doucette was served with the complaint in June 2015 and failed to respond or otherwise appear.  The motion was sent to Doucette via certified mail, return receipt requested, as required by the Local Rules, and there is no indication that Doucette is engaged in military service.  *See* Dkt. 14 & Ex. 3.  Allstate is therefore entitled to a default judgment under Federal Rule of Civil Procedure 55(b).  Allstate's motion for default judgment is therefore GRANTED.

Allstate has offered evidence that Dorian Doucette died on July 19, 2013, and that by the time Dorian Doucette died the payments to the trust were contingent on Dorian Doucette's life.  Dkt. 14, Ex. 1.  Allstate continued to submit monthly payments of $24,226 to the trust, not knowing that Dorian Doucette had died.  Dkt. 14, Ex. 2.  Allstate discontinued payments after learning of Dorian Doucette's death in November 2014.  *Id.*  It paid a total of $387,616 to which the trust was not entitled.  *Id.*  Doucette was the only legal heir of Dorian Doucette.  Dkt. 14, Ex. 1.  Allstate made repeated demands for Doucette to return the money, to no avail.  Dkt. 14, Ex. 2.

Allstate has thus offered sufficient evidence that Doucette was unjustly enriched by the $387,616 overpayment and it has proven up the elements of its conversion claim against Doucette.  *See Eun Bok Lee v. Ho Chang Lee*, 411 S.W.3d 95, 111 (Tex. App.—Houston [1st Dist.] 2013, no

pet.) ("Unjust enrichment occurs when a person has wrongfully secured a benefit or has passively received one which it would be unconscionable to retain."); *Schwartz v. Pinnacle Commc'ns*, 944 S.W.2d 427, 432 (Tex. App.—Houston [14th Dist.] 1997, no pet.) ("A claim for conversion requires the plaintiff to show (1) title, (2) right to possession, and (3) a demand for return of the property unless the possessor's acts manifest a clear repudiation of the plaintiff's rights."). A constructive trust is imposed by law when a person holding title to property would profit by a wrong or be unjustly enriched were he to keep the property. *Newman v. Link*, 866 S.W.2d 721, 725 (Tex. App.—Houston [14th Dist.] 1993, writ denied). "To justify imposing a constructive trust on property, actual or constructive fraud must be present." *Id.* "Constructive fraud is the breach of some legal or equitable duty which, irrespective of moral guilt, the law decrees fraudulent because of its tendency to deceive others, to violate confidence or to injure public interests." *Id.* at 726. The court finds that a constructive trust is an appropriate remedy in this case.

Allstate also seeks and is entitled to costs. *See* Dkt. 14 (requesting $883.22 in costs). However, Allstate must submit a bill of costs within fourteen days of final judgment pursuant to Southern District of Texas Local Rule 54.2.

## IV. CONCLUSION

Allstate's motion for default judgment (Dkt. 14) is GRANTED. The court imposes a constructive trust over the $387,616 that Doucette was not entitled to receive. A final default judgment will be issued concurrently with this order.

Signed at Houston, Texas on September 14, 2015.

_____
Gray H. Miller
United States District Judge

4