United States District Court
Southern District of Texas

**ENTERED**

June 16, 2016

David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ALLSTATE SETTLEMENT CORPORATION, *et al.,* | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-1130 |
| | § | |
| DAUNTE DOUCETTE, | § | |
| | § | |
| *Defendant*. | § | |

## CIVIL CONTEMPT ORDER

The court held a hearing on June 15, 2016, to determine whether defendant Daunte Doucette should be held in contempt of court. Based on the events at that hearing and the evidence in the Record, the court makes the following findings of fact and conclusions of law:

### I. FINDINGS OF FACT

1. Plaintiffs Allstate Settlement Corporation and Allstate Life Insurance Company (collectively, "Allstate") filed their verified complaint against defendant Daunte Doucette on April 29, 2015. Dkt. 1.

2. Allstate moved for a temporary restraining order restraining Doucette from disposing of any of the $387,616 of alleged overpayments on settlement payments to the Dorian Doucette trust. Dkt. 5.

3. The court denied the motion for a temporary restraining order on May 5, 2015, finding that Allstate had not met its burden of demonstrating that irreparable injury was likely if the court did not grant the motion. Dkt. 10.

4. On June 18, 2015, the summons was served on Doucette by leaving it with his mother at his residence or usual place of abode, 4114 Wood Arbor Court, Humble, Texas. Dkt. 12.

5.      Doucette did not file an answer or otherwise appear.

6.      Allstate moved for a default judgment on August 12, 2015, and it sent the motion for default

judgment to Doucette at 4114 Wood Arbor Court, Humble, Texas, via certified mail, return

receipt requested.  Dkt. 15.

7.      Doucette did not respond to the motion for default judgment.

8.      The court entered a default judgment in favor of Allstate for $387,616 plus costs on

September 14, 2015.  Dkt. 16.  This order included post-judgment interest at the rate of

0.37% per annum.  *Id.*

9.      Allstate filed a Bill of Costs on September 28, 2015.  Dkt. 17.

10.     Doucette did not object to the bill of costs.

11.     Costs were taxed in the amount of $474.20 on October 14, 2015.

12.     Allstate had difficulty collecting its judgment.  On March 28, 2016, it filed a motion to

compel deposition testimony and a request for sanctions.  Dkt. 26.

13.     On March 29, 2016, the court entered an order setting a hearing for the motion to compel for

April 8, 2016.  Dkt. 28.

14.     On March 30, 2016, counsel for Allstate called the phone number Doucette had listed on a

direct deposit form for a separate MetLife annuity.  Doucette's mother answered the phone.

Allstate's counsel asked to speak with Doucette to obtain his address and number, and

advised that Doucette needed to appear at the hearing on April 8, 2016.  Doucette's mother

advised that she would call back.  She did not, however, call back.  Dkt. 30.

15.     On March 30, 2016, Allstate's counsel also sent a text to the same phone number with a

picture of the order setting the hearing.  Dkt. 30.

16.     On March 30, 2016, Allstate's counsel also sent an email to the email address Doucette had listed on the direct deposit form.  Allstate's counsel attached the court's order setting the hearing.  Dkt. 30.

17.     On April 5, 2016, the court entered an amended order resetting the hearing on the motion to compel deposition testimony to April 11.  Dkt. 31.

18.     The court sent the order to Doucette at 4114 Wood Arbor Court, Humble, Texas, via Federal Express.  *Id.*

19.     On April 6, 2016, the court received delivery confirmation from Federal Express.

20.     On April 11, 2016, the court held a hearing on the motion to compel deposition testimony.  Dkt. 33.

21.     Doucette did not appear at the hearing on the motion to compel deposition testimony.  *Id.*

22.     On April 11, 2016, the court granted the motion to compel deposition testimony and ordered Doucette to appear and provide testimony and documents on May 2, 2015.  Dkt. 34.

23.     The court additionally ordered Doucette to pay attorneys' fees and expenses in the amount of $2,100.00.  *Id.*

24.     The order granting the motion to compel and ordering Doucette to pay attorneys' fees was mailed to Doucette at 4114 Wood Arbor Court, Humble, Texas 77346.

25.     Jim Gaskill, a process server, attempted to serve the order granting the motion to compel deposition testimony on April 11, 16, 22, and 23, 2016.  Dkt. 37-1.  On the first attempt, a child claiming to be Doucette's son said Doucette was not home.  On the second and third attempts, nobody answered the door.  On the last attempt, an adult man stated that Doucette and his mother lived in the house but that neither was home.  The process server left notes with contact information each time he attempted to serve Doucette.  *Id.*

26.     Doucette did not appear to provide testimony and documents on May 2, 2016.

27.     On May 14, 2016, Doucette was arrested and charged with possession on a controlled substance in Harris County District Court number 1510191.  The address listed on the charge is 4114 Wood Arbor Court, Humble, Texas.  Dkt. 43-1.

28.     On May 16, 2016, Doucette posted bond.  Dkt. 43-2.  The address he listed on his bail bond documents is 4114 Wood Arbor Court, Humble, Texas.  *Id.*

29.     On May 23, 2016, Allstate filed a motion for an order of civil contempt, arguing that Doucette was evading collection efforts, that Doucette had received notice of both the original deposition and the order to compel him to appear at the deposition, yet he failed to appear.  Dkt. 37.

30.     On May 24, 2016, the court issued an order to show cause why Doucette should not be held in civil contempt for failing to appear at the deposition.  Dkt. 38.  The order set the show cause hearing for June 15, 2016, at 11:00 a.m.  *Id.*

31.     The court sent the order to show cause to Doucette at 4114 Wood Arbor Court, Humble, Texas, via regular mail and Federal Express.

32.     On May 25, 2016, the State of Texas filed a notice of seizure and intended forfeiture in Harris County District Court number 333.  It notifies of a seizure and intended forfeiture against approximately $4,016.00 that was in Doucette's possession when he was arrested on May 14.  Dkt. 43-3.  The notice lists Doucette's last known residence at 4114 Wood Arbor Court, Humble, Texas, or 1201 Franklin (the Harris County Criminal Justice Center).  *Id.*

33.     Allstate engaged a process server to serve the order to show cause on Doucette.  This process server attempted to serve Doucette on May 26, Jun 1, 2, and 4, 2016.  Dkt. 40.  On the first occasion, a neighbor stated that he was "pretty certain" that Doucette lived at the address at

which the server was attempting to serve Doucette.  On the second occasion, the server spoke

with a different neighbor who mentioned he had not seen Doucette "in awhile."  On the third

and fourth attempt, there was no answer and no cars in the driveway, and the process server

left her card.  *Id.*

34.     Allstate incurred an additional $2,151 in reasonable and necessary attorneys' fees because

Doucette did not attend the court-ordered deposition.

35.     On June 14, 2016, the court held the hearing on the motion to show cause why it should not

enter an order of civil contempt.

36.     Allstate's counsel appeared at the hearing via telephone (as previously arranged).

37.     Doucette did not appear at the hearing.

## II. CONCLUSIONS OF LAW

1.      "Judicial sanctions in civil contempt proceedings [are] employed for either or both of two

purposes: to coerce the defendant into compliance with the court's order [or] to compensate

the complainant for losses sustained." *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574,

585 (5th Cir. 2000).(internal quotation marks omitted).

2.      "A movant in a civil contempt proceeding bears the burden of establishing by clear and

convincing evidence 1) that a court order was in effect, 2) that the order required certain

conduct by the respondent, and 3) that the respondent failed to comply with the court's

order." *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992).

3.      "Upon a finding of contempt, the district court has broad discretion in assessing sanctions

to protect the sanctity of its decrees and the legal process." *Test Masters Educ. Servs., Inc.*

*v. Singh*, 428 F.3d 559, 582 (5th Cir. 2005).

4.      "The contemptuous actions need not be willful so long as the contemnor actually failed to comply with the court's order." *Am. Airlines, Inc.*, 228 F.3d at 581.

5.      In selecting the appropriate contempt sanction, "a court is obliged to use the least possible power adequate to the end proposed." *Spallone v. United States*, 493 U.S. 265, 276, 110 S. Ct. 625 (1990).

6.      If and when the court sets a prospective per diem fine to coerce compliance with an order, the court should consider the following factors before setting the fine amount: (1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order.   Lamar Fin. Corp. v. Adams, 918 F.2d 564, 567 (5th Cir. 1990) (affirming prospective per diem fine of $500 payable to court until contemnor produced certain documents).  A coercive fine may be imposed so long as the contemnor "is afforded an opportunity to purge," i.e., a "subsequent opportunity to reduce or avoid the fine through compliance." *Bagwell*, 512 U.S. at 829.

7.      An arrest warrant that is issued to force a litigant to comply with court orders rather than to punish the litigant is a proper civil contempt sanction. *Carr v. Capital One, N.A.*, 460 F. App'x 461, 468 (5th Cir. 2012) (noting that the district court vacated its arrest warrant after the litigant who had failed to appear appeared the next day and paid the $500 sanction that had previously been assessed).

8.      The court finds by clear and convincing evidence that Doucette was ordered to appear at both his deposition and the court hearing on the motion to show cause and failed to do so.

9.      The court finds by clear and convincing evidence that the court's orders specifically required Doucette to appear at specific dates and times.

10.     The court finds by clear and convincing evidence that Doucette neither appeared at his

deposition nor appeared at the hearing on the order to show cause.

11.     The court therefore HOLDS Doucette in civil contempt.

### III. CONCLUSION

Doucette is ORDERED to pay, on top of the judgment and fees already assessed, $2,151.00

for Allstate's reasonable and necessary attorney's fees.

Doucette is additionally ORDERED to pay $100.00 per day for each day following the date

of this order that he fails to contact the court and Allstate's counsel to schedule a deposition.

It is further ORDERED that the Clerk of the court shall issue an arrest warrant and that

Doucette, whose last known residence is 4114 Wood Arbor Court, Humble, Texas 77346, shall be

arrested and imprisoned until such a time as he agrees to comply with the court orders to provide

deposition testimony an documents as required by the court.

Signed at Houston, Texas on June 16, 2016.

_____
Gray H. Miller
United States District Judge